UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHERINE FREIRE, | CASE NO. 2:10-CV-00708-MJP |
| Plaintiff, | ORDER ON MOTION TO DISMISS |
| v. | |
| DEX MEDIA WEST LLC, | |
| Defendant. | |

The Court, having received and reviewed:

1. Motion to Dismiss Plaintiff's Complaint with Prejudice (Dkt. No. 38)

2. Plaintiff's Response to Defendant's Motion to Dismiss (Dkt. No. 39)

3. Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Dkt. No. 42)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that Defendant's motion is GRANTED; the above-entitled matter is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Plaintiff's motion for sanctions in the form of attorney's fees and costs is DENIED.

**Background**

On May 6, 2009, Plaintiff filed suit against Defendant (her former employer) in state court for violations of state and federal law during the course of her employment. Shortly thereafter, Defendant and its parent corporation (along with other subsidiary business entities, collectively referred to hereafter as "the Debtors") commenced Chapter 11 bankruptcy proceedings in the District of Delaware. On June 1, 2009, all these Chapter 11 proceedings were consolidated for joint administration (Def. Ex. B) and on that same date, Defendant filed a Notice of Automatic Stay in Plaintiff's state court matter. Def. Ex. C.

Plaintiff filed four proofs of claim in the Chapter 11 matter. On the first three, she stated that all notices in the case should be sent to her care of Foster Staton PC, 8204 Greenlake Drive N., Seattle, WA 98103. Def. Exs. D – F. On the fourth, she listed her notification address as 7505 118th Avenue NE, Kirkland, WA 98033. Def. Ex. G.

On October 21, 2009, the Debtors filed a Joint Plan of Reorganization. Def. Ex. H. Notice of the hearing to confirm the Plan (and the claimants' opportunity to object thereto) was mailed out (Def. Ex. I) and published in the Wall Street Journal and USA Today. Plaintiff filed no objection and did not appear at the hearing.

The Debtors' First Omnibus (Non-Substantive) Objection to Claims was filed on November 13, 2009, and notice was mailed to the claimants. Def. Ex. L. Plaintiff did not respond to the Omnibus Objection, nor did she respond to the First Omnibus Objection Order (Def. Ex. M) disallowing two of her claims as duplicative. *See* Def. Ex. N, Affidavit of Service.

On January 12, 2010, the Bankruptcy Court entered the Findings of Fact, Conclusions of Law and Order Confirming the Joint Plan of Reorganization ("the Plan") for the Debtors. Def. Ex. O. The Plan became effective, and the Debtors emerged from bankruptcy, on January 29,

2010 ("the Effective Date").  Written notice of the Effective Date was mailed to all creditors and parties-in-interest, including Plaintiff.  Def. Exs. P and Q.  Under the Plan, the Bankruptcy Court retained exclusive jurisdiction to disallow any claim.  Def. Ex. H, p. 87.

Following its emergence from bankruptcy, Defendant removed Plaintiff's state court action to this Court.  Plaintiff initially moved for remand, but the parties eventually resolved the matter with an agreed order transferring the action to the Western District of Washington.  Def. Ex. U.  The Chapter 11 matter remained active, however, and on April 23, 2010 the Debtors filed a Ninth Omnibus (Substantive) Objection which included an objection to Plaintiff's two remaining claims on the grounds that they were without basis.  Def. Ex. V.  Notice of this objection was sent to Plaintiff at the Kirkland address.[1]  Def. Ex. W.  This notice contained a deadline for responses to the objections and a hearing date of May 25, 2010 for consideration of the objections and any responses.  Id.  Plaintiff did not file a response to the Ninth Omnibus Objections.

On May 25, 2010, Plaintiff's two remaining claims were disallowed and expunged in the Ninth Omnibus Objection Order.  Def. Ex. Y.  Notice of that order was sent to Plaintiff (Def. Ex. Z) and to Defendant through its outside bankruptcy counsel.  Decl. of Linga, ¶ 3.  Following orders of the Bankruptcy Court (issued on September 8 and December 10, 2010), the Chapter 11 cases were closed.

Counsel for Defendant in this matter were not made aware of the existence of the Ninth Omnibus Objection Order until they contacted Defendant's outside bankruptcy counsel in March of 2011 in preparation for a mediation conference.  Def. Ex. AA, ¶¶ 4-5.  Shortly after

---

[1] Defendant produced a tax return filed by Plaintiff on May 10, 2010 which lists the Kirkland address as her home address.  Def. Ex. X.

Defendant's counsel learned of the order and the disallowance of all of Plaintiff's claims, they filed the pending motion for dismissal.

**Discussion**

The issue of dismissal is not contested. Both parties are in agreement that the Ninth Omnibus Objection Order acted to terminate Plaintiff's right to recover on the causes currently pending before this Court. What is at issue instead is Plaintiff's request that she be granted "reasonable attorney fees and costs she incurred in this litigation after the Confirmation Order was entered as a sanction against the lawyers representing the Reorganized Debtors." Response, p. 2.

Plaintiff contends that she is entitled to this relief pursuant to 28 U.S.C. § 1927, FRCP 11 or under the Court's "inherent powers." The Court is thoroughly unconvinced that any of these legal theories support Plaintiff's request.

An attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be required to personally satisfy the attorney's fees and costs "reasonably incurred because of such conduct." 28 U.S.C. § 1927. Proof that an attorney has acted "unreasonably and vexatiously" must clear a high hurdle. "The key term in the statute is 'vexatiously': carelessly, negligently, or unreasonably multiplying the proceedings is not enough." Thomas v. Girardi, 611 F.3d 1027, 1060-1061 (9th Cir. 2010)(*citing* B.K.B. v. Maui Police Dept., 276 f.3d 1091, 1107 (9th Cir. 2002).

FRCP 11 requires that an attorney certify that "to the best of the person's knowledge, information, and belief… [a pleading or written motion] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FRCP 11(b)(1). The standard is one of objective reasonableness; i.e, the Court would have to

1   find that Defendant's counsel acted objectively unreasonably in their conduct of this case.
2   Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1127 (9th Cir. 1989).

3       Finally, the Court cannot utilize its inherent powers to impose sanctions for misfeasance
4   or other improper conduct without a finding of "bad faith" (Fink v. Gomez, 239 F.3d 989, 993
5   (9th Cir. 2001) or a finding that an attorney has acted "vexatiously, wantonly, or for oppressive
6   reasons."  Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980).

7       There is nothing in the proof presented in conjunction with Plaintiff's request that comes
8   close to satisfying any of these standards.  Despite Plaintiff's allegations to contrary, none of her
9   evidence establishes that Defendant's counsel had knowledge of the disallowed claims until
10  March 2011.  The fact that Defendant had separate counsel for their bankruptcy matter and was
11  sorting through over 1,300 claims in the Chapter 11 cases lends credence to defense counsel's
12  assertion in this matter that they were not informed of the effect of the Ninth Omnibus Objection
13  Order until the eve of their mediation conference last March.  There is no credible scenario under
14  which Defendant's counsel benefit from prolonging this litigation out of vexatious or malevolent
15  motives.  On the contrary, it is objectively <u>un</u>reasonable to expect that attorneys with no training
16  in bankruptcy law and no notice of post-confirmation proceedings would be aware that a client
17  who had emerged out of bankruptcy would have available to them a post-confirmation objection
18  process which would result in the disallowance of pending civil claims.

19      Finally, and most fatal to her request, Plaintiff does not contest that she was provided
20  notice of all of the information which she wishes to attribute to Defendant's counsel.  It would be
21  fundamentally unfair for the Court to penalize counsel on one side for an oversight clearly
22  committed by the parties on both sides.

23

24

**Conclusion**

Plaintiff's claims have been expunged by the Bankruptcy Court, and therefore the Court has no option but to dismiss this matter as requested. Plaintiff's claim that she is entitled to sanctions in the form of attorney's fees and costs in any amount is without merit, and will be denied.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 10, 2011.

Marsha J. Pechman
United States District Judge